UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFREDO ESTRADA

VERSUS                                           CIVIL ACTION

BOARD OF IMMIGRATION, ET AL                      NUMBER 13-514-JJB-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 11, 2013.

                                                    STEPHEN C. RIEDLINGER
                                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFREDO ESTRADA

VERSUS                                          CIVIL ACTION

BOARD OF IMMIGRATION, ET AL          NUMBER 13-514-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss I.C.E./I.N.S. Detainer filed by Alfredo Estrada.  The motion will be treated as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his deportation detainer.

**Background**

Petitioner alleged that on July 8, 2011, he was convicted of possession of cocaine and was sentenced to a seven year term of imprisonment in the custody of the Louisiana Department of Corrections.

Petitioner alleged that the Bureau of Immigration and Customs Enforcement ("ICE") subsequently placed an immigration detainer on him.[1]

Petitioner filed this motion seeking an order requiring that

---

[1] The enforcement functions of the Immigration and Naturalization Service ("INS") within the Department of Justice were transferred to the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security in March 2003.  6 U.S.C. § 251.

the ICE detainer be recalled or that an expedited deportation hearing be convened to determine the legality of his deportation.

## Applicable Law and Analysis

"For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Id*. (quoting *Giddings v. Chandler*, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)). "Prisoners are not 'in custody' for purposes of the habeas statutes merely because the INS has lodged a detainer against them." *Id*. (citing *Santana v. Chandler*, 91 F.2d 514, 516 (5th Cir. 1992)). Because Estrada is not "in custody" this court does not have jurisdiction under § 2241 to consider Estrada's challenges to the detainer.

Furthermore, "the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005). If a final order of removal is entered against Estrada, his sole means of obtaining judicial review of that order would be to file a petition for review in the appropriate court of appeals. *See id*.

Finally, the petitioner's request to direct ICE to conduct an

expedited deportation hearing is best construed as a request for a writ of mandamus.

A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner. 28 U.S.C. § 1361. For a petitioner to be successful in a request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

Petitioner has failed to meet the any of requirements necessary for the issuance of a writ of mandamus.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Dismiss I.C.E/I.N.S. Detainer, treated as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his deportation detainer, be dismissed for lack of subject matter jurisdiction. It is further recommended that the petitioner's request for an order directing ICE to conduct an expedited deportation hearing, treated as a request for the issuance of a writ of mandamus, be denied.

Baton Rouge, Louisiana, December 11, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE